UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IVAN ANDRADE, | CASE NO. C04-2505-JLR |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| CHARLES DANIELS, | |
| Respondent. | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se* and *in forma pauperis*, submitted a 28 U.S.C. § 2241 habeas petition. (Dkt. 13.) The U.S. District Court for the Eastern District of Washington had transferred the petition to this Court on the grounds that petitioner appeared to challenge a 1991 state court conviction entered within this judicial district. (Dkt. 6.) By order dated April 15, 2005, the Court outlined the deficiencies in petitioner's habeas petition and granted him an opportunity to amend. (Dkt. 14.) Petitioner submitted an amended habeas petition in response to the Court's order. (Dkt. 15.) However, as described below, petitioner's amended petition does not cure the deficiencies outlined in the Court's prior order.

Petitioner seeks to challenge a 1991 conviction entered in King County Superior Court for which he was sentenced to a term of 45 months. However, petitioner is no longer in custody pursuant to the 1991 state court conviction. He was deported to Mexico after his release from

REPORT AND RECOMMENDATION
PAGE -1

Washington State's corrections system, and is currently serving a federal sentence in Sheridan, Oregon, imposed by the U.S. District Court for the Eastern District of Washington in 2003 for illegal re-entry into the United States.

"Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are 'in custody.'" *Feldman v. Perrill*, 902 F.2d 1145, 1446 (9th Cir. 1990); *see also* 28 U.S.C. § 2241(c). A completely served sentence does not meet the "in custody" requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. *See Garlotte v. Fordice*, 515 U.S. 39, 45-46 (1995) (consecutive sentences); *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (basis for later enhancement). In this case, as petitioner was deported to Mexico after serving the state court sentence, his current federal sentence is clearly not being served consecutively.

"[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Cook*, 490 U.S. at 492. In other words, because petitioner is no longer serving a sentence imposed pursuant to his 1991 state court conviction, he cannot bring a federal habeas petition directed solely at that conviction.[1] *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

In granting petitioner an opportunity to amend, the Court noted that he may be alleging that his federal sentence has been enhanced due to the allegedly unlawful 1991 state court conviction. A sentence enhanced due to an allegedly unlawful prior conviction may be challenged in federal habeas proceedings, but generally only if the prior sentence was imposed while the defendant was denied the right to counsel. *See Coss*, 532 U.S. at 402-04; *Daniels v. United*

---

[1] In addition, the statute of limitations for petitioner to bring a habeas petition regarding his 1991 conviction would have long since passed. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for habeas petitions filed by state prisoners in federal court. *See Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002). For state convictions entered before the enactment of AEDPA, the one-year statute of limitations began to run on April 25, 1996. *Id.*

REPORT AND RECOMMENDATION
PAGE -2

01 *States*, 532 U.S. 374, 380-82 (2001).[2]  In his amended petition, petitioner clarifies his intention
02 to challenge his current federal sentence as enhanced due to his prior state court conviction. (Dkt.
03 15 at 3.)  Specifically, he alleges: "Because my right to appeal this state conviction was denied
04 from failure of the State to notify me of the status of said appeal, my current Federal sentence has
05 been unlawfully enhanced." (*Id*. at 3.)  However, petitioner does not allege that his prior state
06 court sentence was entered while he was deprived the right to counsel.  Rather, he indicates that
07 he was represented by an attorney at the time of his trial and sentencing. (*Id*. at 5.)

08   Yet, even if petitioner could properly pursue an argument of enhancement, this Court
09 would not entertain such a claim.  As previously noted by the Court, a challenge to petitioner's
10 current federal sentence as enhanced by his prior state court conviction would be construed as a
11 collateral attack on his current federal sentence. *Allen v. Oregon*, 153 F.3d 1046, 1049-50 (9th
12 Cir. 1998).  Such a collateral attack would have to be brought under 28 U.S.C. § 2255, rather than
13 § 2241.  An action under § 2255 would also have to be considered by the court that imposed
14 petitioner's federal sentence, which in this case would be the U.S. District Court for the Eastern
15 District of Washington.  Moreover, because court records appear to indicate that the Eastern
16 District of Washington already denied a motion under § 2255 regarding petitioner's federal
17 sentence, *see United States v. Velasquez-Trujillo, aka Ivan Andrade*, Case. No. CV-04-3139-
18 RHW (E.D. Wash. Dec. 16, 2004), a § 2255 motion would be deemed successive and could not
19 be considered absent authorization of a successive motion by the Ninth Circuit Court of Appeals.[3]
20 *See* 28 U.S.C. §§ 2244(b), § 2255.

21   In this case, petitioner filed an amended petition in this Court under § 2241.  Yet, as

---

[2] A plurality of the Supreme Court in *Daniels* also left open the possibility that a § 2255 motion might be used to challenge a federal sentence as enhanced by an allegedly unlawful state court conviction in "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels*, 532 U.S. at 384.

[3] For this reason, transferring this petition back to the U.S. District Court for the Eastern District of Washington does not seem appropriate.

REPORT AND RECOMMENDATION
PAGE -3

indicated in the Court's order allowing petitioner an opportunity to amend, a petition under § 2241 generally must be brought in the federal judicial district where the petitioner is currently confined. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999) (noting that "[g]enerally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitioners that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.")  Therefore, even if this petition could be construed as a proper petition under § 2241, this Court would be without jurisdiction to hear the petition given petitioner's current confinement in the District of Oregon.

In sum, petitioner sets forth no basis on which this Court may consider his habeas petition. Accordingly, his petition should be denied and this matter dismissed.  A proposed Order accompanies this Report and Recommendation.

DATED this  2nd  day of June, 2005.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4